UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GARY CHURA and  )
NICOLE CHURA,  )
  )
Plaintiff,  )
  )
v.  )   No. 4:16CV872 RLW
  )
WRIGHT MEDICAL TECHNOLOGY, et al.,  )
  )
Defendants.  )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Wright Medical Technology, Inc.'s ("Wright") Motion for Reconsideration of the Court's Text Only Order Granting Plaintiffs' Motion for Leave to File Amended Petition (ECF No. 20). Plaintiffs have filed a response in opposition to the motion. Defendant Wright has not filed a reply, and the time for doing so has expired.

Plaintiffs filed a Petition for Damages in the Circuity Court of the City of St. Louis, Missouri on May 12, 2016. Defendant Wright removed the case to federal court on June 16, 2016.[1] On July 13, 2016, the Plaintiffs filed a Motion to Remand and a Motion for Leave to File Amended Petition, with a copy of the Amended Petition attached. (ECF No. 11) The Court granted leave to file the Amended Petition on that same date in a docket text order. (ECF No. 13) On July 29, 2016, Defendant Wright filed the present motion to reconsider, asserting that the joinder of a new Defendant, Jason Kem, to the cause of action is improper because it defeats

---

[1] Defendant removed the case based on diversity jurisdiction under 28 U.S.C. § 1332(a), alleging that the action is between citizens of different states and the amount in controversy is alleged to exceed $75,000. Specifically, Defendant states that named Defendant Jerry Amos was fraudulently joined to defeat subject matter jurisdiction such that the Court should disregard his citizenship. (Def.'s Notice of Removal pp. 4-7, ECF No. 1)

subject matter jurisdiction. Defendant Wright purports to bring this motion under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.[2]

Under Rule 60(b), a court may relieve a party from a court order for several reasons including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, misconduct by an opposing party, or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(3), (6). "'Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quotations and citations omitted)). "The district court has wide discretion in ruling on a Rule 60(b) motion . . . ." *Jones v. Swanson*, 512 F.3d 1045, 1049 (8th Cir. 2008).

Here, Defendant Wright contends that "the Court may have overlooked that the addition of Kem as a defendant defeats the Court's diversity jurisdiction such that his joinder would be improper under the Federal Rules of Civil Procedure." (ECF No. 20 at 1) Wright appears to be claiming judicial inadvertence in ruling on Plaintiffs' motion. *See Spangle v. Ming Tah Elec. Co.*, 866 F.2d 1002, 1003 (8th Cir. 1989) ("[R]ule 60(b)(1) can be used to obtain relief from judgments entered through judicial inadvertence . . . ."). However, Rule 15 of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiffs are the masters of their complaint, and at the early stages of this case, amendment of the complaint was warranted, and leave was not inadvertently

---

[2] At the outset, the Court notes that Rule 59(e) is inapplicable to Defendant Wright's motion for reconsideration, as that rule pertains to altering or amending a judgment. Fed. R. Civ. P. 59(e). Here, the Court did not issue a judgment but merely entered an order on Plaintiffs' motion.

granted. *Hoechstenback v. Accu-Pay APS, LLC*, No. 4:15 CV 457 RWS, 2015 WL 3609088, at *2 (E.D. Mo. Apr. 15, 2015).

Thus, the Court finds that Defendant Wright has failed to identify any "exceptional circumstances" which would justify Rule 60(b) relief from this Court's Order allowing Plaintiffs to file an amended complaint. However, because Defendant Wright raises issues and arguments better suited for the Plaintiffs' Motion for Remand, the Court will give Defendant the opportunity to file a sur-reply to that motion with regard to Defendant Kem.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Wright Medical Technology, Inc.'s Motion for Reconsideration of the Court's Text Only Order Granting Plaintiffs' Motion for Leave to File Amended Petition (ECF No. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Wright Medical Technology, Inc. shall file a sur-reply to Plaintiffs' Motion to Remand no later than September 21, 2016.

Dated this 7th day of September, 2016.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**