UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GARY CHURA and
NICOLE CHURA,

    Plaintiff,

v.

WRIGHT MEDICAL TECHNOLOGY, et al.,

    Defendants.

No. 4:16CV872 RLW

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand (ECF No. 10). The motion is fully briefed and ready for disposition. For the reasons set forth below, the Court will grant Plaintiffs' motion.

## Background

Plaintiffs filed a Petition for Damages in the Circuity Court of the City of St. Louis, Missouri on May 12, 2016. Defendant Wright Medical Technology, Inc. ("WMT") removed the case to federal court on June 16, 2016.[1] On July 13, 2016, the Plaintiffs filed a Motion to Remand and a Motion for Leave to File Amended Petition, with a copy of the Amended Petition attached. (ECF Nos. 10, 11) The Court granted leave to file the Amended Petition on that same date in a docket text order. (ECF No. 13) On July 29, 2016, Defendant WMT filed a motion to reconsider, asserting that the joinder of a new Defendant, Jason Kem, to the cause of action is improper because it defeats subject matter jurisdiction. The Court denied Defendant's Motion to

---

[1] Defendant removed the case based on diversity jurisdiction under 28 U.S.C. § 1332(a), alleging that the action is between citizens of different states and the amount in controversy is alleged to exceed $75,000. Specifically, Defendant states that named Defendant Jerry Amos was fraudulently joined to defeat subject matter jurisdiction such that the Court should disregard his citizenship. (Def.'s Notice of Removal pp. 4-7, ECF No. 1)

Reconsider on the basis that the amendment of the complaint was proper under Fed. R. Civ. P. 15. However, the Court granted Defendant the opportunity to file a sur-reply to the Motion to Remand.

Plaintiffs bring their First Amended Complaint against Defendants WMT, John Doe, Jerry Amos ("Amos"), and Jason Kem ("Kem"). Plaintiffs state that both Defendants Amos and Kem are residents of the State of Missouri. The causes of action involve medical products referred to collectively as "the Profenur® devices." Defendant WMT manufactures, markets, sells, and designs the Profemur® devices. Plaintiffs allege that Gary Chura sustained injury when the allegedly defective Profemur® devices were implanted into his right hip. Plaintiffs claim that Defendant Amos was an authorized distributor of Defendant WMT at the time of the implant and that Amos and/or Defendant Kem delivered the products to the surgeon. In the First Amended Complaint, Plaintiff Gary Chura alleges common law negligence against Defendant WMT (Count I); strict liability against Defendant WMT (Count II); strict products liability (design defect) against Defendant WMT (Count III); strict products liability (inadequate warning) against Defendant WMT (Count IV); breach of express warranty against Defendant WMT (Count V); breach of warranty of merchantability against Defendant WMT (Count VI); negligent misrepresentation against all Defendants (Count VII); violation of the Missouri Merchandising Practices Act against all Defendants (Count VIII); and negligence against Defendants Amos, Doe, and Kem (Count IX). Plaintiff Nicole Chura also brings an action for loss of consortium against all Defendants (Count X). All of these claims are brought under Missouri law.

## Discussion

In the Motion to Remand and Reply Memorandum, Plaintiffs contend that the case should be remanded to state court because Defendant Amos was properly joined as a Defendant in this case, and Defendant WMT has not objected to Defendant Kem on the basis of fraudulent joinder. Defendant WMT argues that Amos was fraudulently joined in this action. Additionally, WMT concedes that Defendant Kem's joinder defeats diversity jurisdiction and renews the arguments raised in the Motion for Reconsideration that the Court should not have allowed Plaintiffs to add Kem as a Defendant under the rules of joinder.

The Court previously found that leave to amend the complaint was proper under Rule 15 of the Federal Rules of Civil Procedure. As stated in its Memorandum and Order of September 7, 2016, "Plaintiffs are the masters of their complaint, and at the early stages of this case, amendment of the complaint was warranted, and leave was not inadvertently granted. *Hoechstenback v. Accu-Pay APS, LLC*, No. 4:15 CV 457 RWS, 2015 WL 3609088, at *2 (E.D. Mo. Apr. 15, 2015)." (Mem. & Order of 9/7/16, ECF No. 31) While WMT continues to assert that the Court erroneously granted leave under Rule 19, pertaining to joinder, such is simply not the case.

Diversity jurisdiction exists where a civil action is between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). In removal cases, the removing party has the burden of establishing that diversity jurisdiction exists by a preponderance of the evidence. *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.* (citation omitted). "A case must be remanded if, at any time, it appears that the district court lacks subject matter jurisdiction." *Hrastich v. Advance Auto Parts,*

*Inc.*, No. 4:14-CV-22-JAR, 2014 WL 3341121, at *1 (E.D. Mo. July 8, 2014) (citing 28 U.S.C. § 1447(c)).

Here, the parties agree that diversity jurisdiction does not exist because Kem is a citizen of Missouri. Thus, the Court finds that it lacks subject matter jurisdiction, and the case will be remanded to the state court. *Id.* at *2 (allowing plaintiff to amend complaint to name non-diverse defendant and remanding the case to state court); *see also Gilmore v. Lowe's Home Ctrs., Inc.*, No. 1:12-CV-47 SNLJ, 2012 WL 535159, at *3 (E.D. Mo. Oct. 30, 2012) (remanding action to state court where amended complaint added a non-diverse defendant, and defendant argued fraudulent joinder).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (ECF No. 10) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **REMAND** this case to the Circuit Court of the City of St. Louis, Missouri, from which it was removed. An Order of Remand accompanies this Order.

Dated this 27th day of September, 2016.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**